KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jonathan Bengel

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Bengel, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Rhett A. Plank, Attorney At Law, LLC; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Jonathan Bengel, by undersigned counsel, states as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.     The Plaintiff, Jonathan Bengel (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, Rhett A. Plank, Attorney At Law, LLC (hereafter "Plank"), is a company with an address of 7600 Slate Ridge Boulevard, Reynoldsburg, Ohio 43068, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6.     Does 1-10 (the "Collectors") are individual collectors employed by Plank and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Plank at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.     The Alleged Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to Devry University (the "Creditor").

9.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The alleged Debt was purchased, assigned or transferred to Plank for collection, or Plank was employed by the Creditor to collect the alleged Debt.

11.    The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.     Plank Engages in Harassment and Abusive Tactics

12.    Within the last year, Plank contacted Plaintiff in an attempt to collect the alleged Debt by leaving a voicemail message on Plaintiff's phone.

3

13.     The voicemail message threatened Plaintiff with garnishment unless immediate steps were taken to pay the alleged Debt.

14.     In response, on or about March 7, 2012, Plaintiff placed an outbound call to Plank.

15.     Plaintiff notified Plank that he believed that the alleged Debt had been paid and asked Plank to provide him with additional details regarding the alleged Debt in writing. Plaintiff further advised Plank that calls to him were disruptive and interfering with his business, and instructed Plank not to call.

16.     Plank responded to Plaintiff that it would not honor his request to stop the calls and that Plank would continue to call Plaintiff until such time as the alleged Debt was paid in full.

17.     Plaintiff requested details regarding the alleged Debt, but Plank refused to give Plaintiff any additional information about the alleged Debt.

18.     Plank used a loud and aggressive tone with Plaintiff in an effort to intimidate him into making payment on the Debt. Plank told Plaintiff "it's not our job" to determine whether the Debt is valid but rather, to collect the Debt for the Creditor. Plank asked Plaintiff: "Don't you ever pay your bills? You're not responsible!", causing Plaintiff to feel oppressed and humiliated.

19.     Plank additionally told Plaintiff that unless the alleged Debt was immediately paid, Plank would begin garnishing Plaintiff's wages. Plank said: "We're going to collect one way or another. We'll get your paycheck if we have to."

20.     At the time Plank made the threat to Plaintiff in the voicemail and during the conversation, it had no legal authority to commence a garnishment. Plaintiff has no judgment against him pertaining to the alleged Debt, nor did Plaintiff receive a Notice of Intent to Garnish his wages.

21.     Plaintiff did not receive a written communication from Plank within 5 days of its initial contact with him as required by law.

22.     On or about June 13, 2012, Plank called Plaintiff again and Plaintiff notified Plank that he is represented by Lemberg & Associates.  The Plank representative proceeded to interrogate him about why he had counsel in relation to the collection of the alleged Debt, despite Plaintiff asking her to contact his attorney.

**C.      Plaintiff Suffered Actual Damages**

23.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

5

25.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

26.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28.     The Defendants used an unfair and unconscionable means to collect the debt, in violation of 15 U.S.C. § 1692e.

29.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid without having any legal authority to affect a garnishment, in violation of 15 U.S.C. § 1692e(4).

30.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31.     The Defendants failed to send the Plaintiff a written letter within five days of its initial contact with him, in violation of 15 U.S.C. § 1692g.

6

32.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**<u>COUNT III</u>**

**<u>INVASION OF PRIVACY BY INTRUSION UPON SECLUSION</u>**

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

36.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

37.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with abusive language.

38.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

39.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

40.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

41.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

**COUNT III**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

42.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

43.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

44.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

8

45.    As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341; and

9

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  June 18, 2012                    LEMBERG & ASSOCIATES, LLC


By:   */s/   Kindra Deneau*
Kindra Deneau

Attorney for Plaintiff
Jonathan Bengel